Patricia WILLIS, Plaintiff–Appellant,

v.

HOME BOX OFFICE, a Division of
Time Warner Entertainment,
L.P., Defendant–Appellee.

Docket No. 01–9418.

United States Court of Appeals,
Second Circuit.

March 7, 2003.

Al J. Daniel, Jr., Daniel, Seigel & Bimbler LLP, New York, New York, for Plaintiff–Appellant.

Orin Snyder, Parcher, Hayes & Snyder (Cynthia S. Arato and Partha P. Chattoraj, on the brief), New York, New York, for Defendant–Appellee.

Present: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DE-

CREED that the judgment of the District Court is hereby **AFFIRMED**.

Plaintiff–Appellant Patricia Willis appeals from a judgment of the United States District Court for the Southern District of New York (John S. Martin, Jr., *Judge*) granting summary judgment in favor of Defendant–Appellee Home Box Office ("HBO"). We affirm for substantially the reasons stated by the District Court in its opinion and order of November 5, 2001.

■ In her complaint, Willis alleges that the HBO television series *Arli$$* infringes on her copyrighted outline for a proposed television series entitled *Schmoozers.* It is true that both works are situation comedies that feature a money-driven talent agent as their primary character, and that satirize the American entertainment industry as being wholly populated by self-absorbed, morally-depraved individuals. It is also true that both works surround the primary character with a supporting cast comprised of a hapless, male sidekick and an intelligent, female assistant. We agree with the District Court, however, that such similarities are based on stereotypical characters and stock themes, and thus any copying by the defendant related to noncopyrightable aspects of Willis' work. *See Walker v. Time Life Films, Inc.,* 784 F.2d 44, 48 (2d Cir.1986) ("[A] district court may determine noninfringement as a matter of law on a motion for summary judgment ... when the similarity concerns only noncopyrightable elements of plaintiff's work....").

Willis argues that, apart from individual aspects of *Schmoozers,* the "total concept and feel" of the two works are substantially similar. We reject that assertion because we do not think that any reasonable trier of fact could so conclude. As already pointed out, the generalized similarities between *Arli$$* and *Schmoozers* relate to unoriginal elements of Willis' work. More importantly, the distinctive "total concept and feel" of *Arli$$* is shaped primarily by its use of a dramatic device in which each episode of the series is presented as a narrated reading of a chapter from the main character's autobiography. This enables *Arli$$* to take comedic advantage of the sharp contrast between the main character's overblown and self-reverential view of an event in his life—which the audience learns throughout the episode by means of somber voiceover from that character—and the chaotic, immoral manner in which the event actually transpired. In *Schmoozers,* by contrast, the comedic foil to the main character is not the main character himself but a supporting character who occasionally relates direct criticism of her boss's actions to the audience. *Cf. Williams v. Crichton,* 84 F.3d 581 (2d Cir.1996) (distinguishing total concept and feel of book with movie).

■ Willis also contends that the District Court erred in dismissing her claims under New York law because "[a] state claim based upon an implied-in-fact obligation to compensate a plaintiff for use of an idea is not preempted...." Appellant's Br. at 52. While there is some support for the general principle that an implied-in-fact contract claim is not preempted by federal copyright law, *see Whitfield v. Lear,* 751 F.2d 90, 92–93 (2d Cir.1984) (applying California law); *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 455–59 (6th Cir.2001) (applying Michigan law); *Katz Dochrermann & Epstein, Inc. v. Home Box Office,* 97 Civ. 7763(TPG), 1999 WL 179603, at *4–*5 (S.D.N.Y. Mar. 31, 1999) (applying New York law), Willis' complaint does not actually plead an implied-in-fact contract claim, nor does it even set forth facts that would arguably support such a claim. As we observed in *Nadel v. Play–By–Play Toys & Novelties, Inc.,* 208 F.3d 368 (2d Cir. 2000), a recent case involving implied-in-fact contracts under New York law:

Of course, the mere disclosure of an ... idea to a defendant ... will not automatically entitle a plaintiff to compensation upon the defendant's subsequent use of the idea. An implied-in-fact contract requires such elements as consideration, mutual assent, legal capacity and legal subject matter.... The element of mutual assent ... must be inferred from the facts and circumstances of each case, including such factors as the specific conduct of the parties, industry custom, and course of dealing.

*Id.* at 376 n. 5 (internal quotation marks and citations omitted). Willis' complaint contains nothing from which "a court may justifiably infer that the promise [to pay Willis for subsequent use of her ideas] would have been explicitly made [by HBO], had attention been drawn to it." *Id.*

We also note that when HBO pressed the preemption point before the District Court as part of its overall motion for summary judgment, Willis made no arguments at all in opposition to preemption, let alone that her complaint impliedly alleged a contract claim against HBO. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

The judgment of the District Court is hereby **AFFIRMED.**